UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

FILED
2008 AUG 13 AM 10: 14
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY_____ DEPUTY

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | '08 MJ 2508 |
| Plaintiff, ) | Magistrate Case No._____ |
| ) | |
| v. ) | COMPLAINT FOR VIOLATION OF |
| ) | Title 8, U.S.C., Section |
| James Gregory HUGHES ) | 1324(a)(2)(B)(iii)- |
| ) | Bringing in Illegal Alien(s) |
| Defendant. ) | Without Presentation |
| ) | |
| ) | Title 18, U.S.C. Section 1544 |
| ) | Misuse of Passport |

The undersigned complainant being duly sworn states:

**Count I**

On or about **August 12, 2008**, within the Southern District of California, defendant **James Gregory HUGHES**, with the intent to violate the immigration laws of the United States, knowing and in reckless disregard of the fact that an aliens, namely, **Juan Miguel MORAN-Solorzano, Maria del Rocio NUNEZ-Vazquez** and **Georgina NUNEZ-Vazquez**, had not received prior official authorization to come to, enter and reside in the United States, did bring to the United States said alien(s), and upon arrival did not bring and present said alien immediately to an appropriate immigration officer at a designated port of entry; in violation of Title 8, United States Code, Section 1324(a)(2)(B)(iii).

**Count II**

On or about **August 12, 2008**, within the Southern District of California, defendant **James Gregory HUGHES**, did knowingly and willfully use a passport issued or designed for the use of another, with the intent to gain admission into the United States in the following manner, to wit: Defendant applied for entry to the United States by presenting U.S. Passport number **213404011**, issued to **Richard Steven WEINSTEIN**, to a Department of Homeland Security, Customs and Border Protection Officer, knowing full well that he was not **Richard Steven WEINSTEIN**, that the passport was not issued or designed for his use. All in violation of Title 18, United States Code, Section 1544.

_____
SIGNATURE OF COMPLAINANT
Alfredo Loperena, Enforcement Officer
U.S. Customs and Border Protection

SWORN TO BEFORE ME AND SUBSCRIBED IN MY PRESENCE THIS 13th DAY OF AUGUST, 2008.

_____
UNITED STATES MAGISTRATE JUDGE

## Probable Cause Statement

The complainant states that Juan Miguel MORAN-Solorzano, Maria del Rocio NUNEZ-Vazquez and Georgina NUNEZ-Vazquez are citizens of a country other than the United States; that said aliens have admitted they are deportable; that their testimony is material; that it is impracticable to secure their attendance at trial by subpoena; and that they are material witnesses in relation to this criminal charge and should be held or admitted to bail pursuant to Title 18, United States Code, Section 3144.

On August 12, 2008, at approximately 5:45 PM, Defendant, James Gregory HUGHES made application for admission to the United States through the San Ysidro, California Port of Entry. Defendant was driving a black Dodge Durango Sport when a Customs and Border Protection (CBP) Officer approached him after a narcotics detector/human detection canine alerted to defendant's vehicle. The CBP Officer questioned Defendant if he was the owner of the vehicle and defendant replied that he was the owner of the vehicle. The Officer requested identification from Defendant and Defendant presented a United States passport along with a California driver license. While Defendant was being questioned, another CBP Officer opened the rear cargo door and discovered persons lying under a black cloth. Defendant and vehicle were escorted to secondary.

In secondary, seven persons were removed from the vehicle. All seven admitted to being citizens of Mexico with no entitlements to enter the United States. Three have been retained as material witnesses and are identified as Juan Miguel MORAN-Solorzano (M/W1), Maria del Rocio NUNEZ-Vazquez (M/W2) and Georgina NUNEZ-Vazquez (M/W3).

A Customs and Border Protection Enforcement Officer advised defendant of his Miranda rights as witnessed by another CBP Enforcement Officer. Defendant acknowledged that he understood his rights and agreed to answer questions without his counsel present. During an interview that was obtained on video, Defendant stated the following: Defendant admitted that he was to be compensated $1000.00 in medical assistance for his girlfriend who is pregnant. Defendant stated that he knew that there was at least one person concealed in his vehicle prior to crossing because he saw the black cloth and he felt something push the back of his seat. Defendant stated that he was to drive the vehicle north on Interstate 5 and exit "H" Street and go to the Seven-Eleven where he was to be met by another person. Defendant stated that he was recruited by a smuggler to cross people. Defendant stated he knew the passport that he presented was not his because of the name in the passport. Defendant further stated that he presented the U.S. passport to the CBP Officer to pose as his identification.

A CBP Enforcement Officer interviewed the material witnesses and the following statements were obtained on videotape: Material witnesses admitted to being citizens of Mexico having no entitlements to enter the United States. Material witnesses stated they were paying a smuggling fee ranging from $2000 to $2500 dollars. The material witnesses were destined to different places throughout the United States to seek employment.